IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MISCHA WALKER,

    Petitioner,

v.                                                                                                       Civil Action No. 2:17cv48
                                                                                                         (Judge Bailey)

S. KASSELL, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On March 30, 2017, Mischa Walker ("Petitioner"), an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his enhanced sentence in the United States District Court for the District of Maryland. Pursuant to a Notice of Deficient Pleading, on April 27, 2017, Petitioner paid the $5.00 filing fee. On June 5, 2017, Magistrate Judge James E. Seibert made a preliminary review of the petition, determined that summary dismissal was not warranted, and issued an Order to Show Cause to the Respondent. ECF No. 7. On June 28, 2017, the Respondent moved for an extension of time. ECF No. 9. By Order entered July 5, 2017, Respondent's motion was granted. ECF No. 10. On July 11, 2017, the Respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment with a memorandum in support. ECF Nos. 12 & 13. On July 12, 2017, a Roseboro Notice was issued, and on July 24, 2107, Petitioner filed his response in opposition. ECF No. 16. By Order entered on September 15, 2017, this case was reassigned from Magistrate Judge James E. Seibert to Magistrate Judge Michael J. Aloi.

This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

## II. Facts[1]

On April 9, 2012, in the District of Maryland, the Petitioner was charged in a two count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) (Count One) and with illegal possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count Two). ECF No. 8. Through defense counsel, the Petitioner filed two pretrial motions, seeking to suppress (1) any tangible evidence seized from the apartment and (2) a statement he allegedly made while in custody that he had been smoking PCP an hour before the incident. ECF Nos. 14 & 15. A hearing was set on these motions, but before the scheduled hearing, Petitioner agreed to plead guilty to Count One.[2] Petitioner entered his plea on July 2, 2012, and on October 16, 2012, the district court sentenced the Petitioner to a within-Guideline sentence of 120 months. ECF Nos. 20 & 27.

The Petitioner filed an appeal, arguing that the 120-month sentence was substantively and procedurally unreasonable. Rejecting his arguments, the Fourth Circuit affirmed his conviction and sentence in a *per curiam* opinion. United States v. Walker, 523 F. App'x 974 (4th Cir. 2013) (unpublished).

Thereafter, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that his trial attorney provided ineffective assistance of counsel by failing "to litigate a meritorious Fourth Amendment claim," which failure led him to plead guilty. ECF No. 46-1 at 2. More

---

[1] The facts are taken from the Petitioner's criminal case number 8:12-cr-00199-RWT-1, District of Maryland (Greenbelt), available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[2] The Count of possessing an unregistered weapon was dismissed. ECF No. 28 at 1.

specifically, the Petitioner argued that law enforcement officers violated his rights when they entered his apartment after arresting him on the front walkway because they "had no authority to conduct a warantless search through his home on the basis that it was incident to his arrest, or on the basis of an unjustified protective search." ECF No. 46-1, at 5-6. On July 31, 2015, the Court entered a Memorandum Opinion denying the Petitioner's § 2255 motion. ECF No. 54. The Petitioner did not appeal from this decision.

On June 21, 2016, the Fourth Circuit granted Petitioner leave to file a second or successive § 2255. ECF No. 58. On June 22, 2016, Petitioner filed a Motion to Vacate seeking relief under Johnson v. United States, 135 S.Ct. 2551 (2015). ECF No. 59. On December 12, 2016, Petitioner supplemented his § 2255 Petition, arguing that he was improperly sentenced as a career offender under the Supreme Court's decision in Mathis v. United States, 136 S.Ct. 2243 (2016). ECF No. 60. As of the date of this Report and Recommendation, that § 2255 motion is still pending.

On August 22, 2016, Petitioner filed a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241, alleging that he was actually innocent of his crime, relying on the decision in Henderson v. United States, 135 S.Ct. 1780 (2015). See Case No. 5:16cv136-FPS-MJA, ECF No. 1. This Court denied and dismissed the Petition for failure to show actual innocence, and thus the failure to meet the savings clause of § 2255. ECF. Nos. 16 & 19. Petitioner appealed. On October 19, 2017, in an unpublished *per curiam* opinion, the Fourth Circuit affirmed. Walker v. Saad, 2017 U.S. App. LEXIS 20483 (4th Cir. 2017). Petitioner did not seek further review.

### III. Claims Presented

**A. The Petition**

In his pending 2241 petition, the Petitioner challenges the legality of the two-level enhancement to his base offense level under United States Sentencing Guidelines ("USSG") § 2K2.1(a)(3) to his sentence for being a felon in possession, for "an alleged crime of violence that has since been deemed not violent." ECF No. 1 at 5. In asserting this, Petitioner relies on the decision in Mathis v. United States, 136 S.Ct. 2243 (2016), which he contends is "an old rule that is available under a timely § 2255 . . . therefore . . . [it] is cognizable under the savings clause in § 2255(e)." Id. at 3.

For relief, the Petitioner seeks to have his sentence vacated and to be resentenced "to corrected base offense level." ECF No. 1 at 8.

**B. Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment**

Respondent argues that the petition should be dismissed or summary judgment granted in its favor, because Petitioner's claim challenges the legality of his federal sentence itself as imposed, not the computation of his sentence, and such claims must normally be raised on appeal, or raised by filing a § 2255 motion in the sentencing court. Respondent further argues that Petitioner's claims are barred because they cannot meet the stringent standard set by the Fourth Circuit in In re Jones.[3] Finally, Respondent contends that Petitioner's reliance on Mathis is misplaced, because Mathis does not announce a new rule of law and is irrelevant to the determination of whether Petitioner can assert his claims under § 2241, noting that Petitioner himself admits as much. ECF No. 13 at 3 – 6.

**C. Petitioner's Response in Opposition**

---

[3] In re Jones, 226 F.3d 328 (4th Cir. 2000).

Petitioner reiterates his arguments and attempts to refute the Respondent's on the same. He cites to the Fourth Circuit's rehearing *en banc* decision in Surratt,[4] noting that when Surratt's sentence was commuted and the case dismissed, it left "an opening for another case to take up the issue that the Fourth Circuit granted rehearing *en banc* on" and suggests that this case is the one to "pick up where Surratt left off." ECF No. 16 at 2 - 3. Further, he notes that the Sixth and Seventh Circuit Courts of Appeals permit challenges to sentencing issues under § 2241. ECF No. 16 at 3.

### IV. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would

---
[4] United States v. Surratt, 797 F.3d 240 (2015), dismissed as moot, 855 F.3d 218 (4th Cir. 2017) (*en banc*).

5

entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. <u>Miller v. Federal Deposit Ins. Corp</u>., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." <u>Id.</u> "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Felty v. Graves-Humphreys Co</u>., 818 F.2d 1126, 1128 (4th Cir. 1987).

Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. <u>Anderson</u>, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. V. Zenith Radio Corp</u>., 475 U.S. 574, 587-88 1986.

As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. <u>See Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007)(*per curiam*). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. <u>See Weller v. Dep't of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

### V. <u>Analysis</u>

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a Section 2241 petition under the "savings clause" of Section 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether Section 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[5] Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 334-34); see also Rouse v. Wilson, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); Darden v. Stephens, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, Petitioner relies on the United States Supreme Court's decision in Mathis (explaining how courts should determine whether a state crimes can be used as predicate offense under the ACCA)[6] for relief. However, that decision did not decriminalize the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy §

---

[5] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 623 (1998).

[6] More specifically, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. 2247-57. Prior to Mathis, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. 136 S.Ct. at 2257; see also Taylor v. United States, 495 U.S. 575, 599 (1990). The Supreme Court reaffirmed this approach in Mathis, but added that, because the inquiry focused on the generic offense, a court "may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition." 136 S.Ct. at 2257. Accordingly, the Supreme Court concluded that if the elements of the state law crime are broader than the generic version of an enumerated federal offense, then the state law conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act. Id.

2255's savings clause to seek relief under § 2241.[7] Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss or in the Alternative, Motion for Summary Judgment [ECF No. 12] be **GRANTED** and Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED and DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

---

[7] The undersigned acknowledges that two circuits have held that the savings clause is applicable to challenges to allegedly unlawful sentences. See Hill v. Masters, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing error, including sentences above a statutory maximum or mandatory guideline range) and Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013) (same). However, the United States Supreme Court has yet to issue a decision that would support the opinions reached by those circuits. Therefore, this Court should continue to follow Fourth Circuit precedent as outlined above.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATE: December 5, 2017

/s/ *Michael J. Aloi*
MICHAEL J. ALOI
UNITED STATES MAGISTRATE JUDGE