IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**MISCHA WALKER,**

       Petitioner,

v.                                                      **CIVIL ACTION NO. 2:17-CV-48**
                                                         **(BAILEY)**

**S. KASSELL,**
**Warden,**

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael J. Aloi [Doc. 17]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi entered his R&R on December 5, 2017, wherein he recommends this Court grant Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 12], and deny the petitioner's § 2241 petition and dismiss the petition without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v.***

1

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on December 7, 2017 [Doc. 18]. The petitioner timely filed his Objections on December 15, 2017 [Doc. 19]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

Under Fourth Circuit precedent, a criminal defendant cannot use the savings clause to fundamentally challenge his sentence under the pretext of a habeas petition. Instead, in the Fourth Circuit, the savings clause is properly employed to argue that a defendant is actually innocent of the underlying offense of conviction. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

Here, the petitioner relies on *Mathis v. United States*, 136 S.Ct. 2243 (2016), for relief. Magistrate Judge Aloi found, however, "that decision did not decriminalize the conduct for which Petitioner was convicted" [Doc. 17 at 9]. Therefore, as petitioner's claim is not one of actual innocence, but rather only a challenge to his sentence, "under Fourth Circuit precedent, he is unable to satisfy § 2255's savings clause to seek relief under § 2241" [Id. at 9–10]. Accordingly, Magistrate Judge Aloi held that "[w]here, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction" [Id. at 10] (citing *Rice*, 617 F.3d at 807).

In petitioner's Objections to the Magistrate's Report and Recommendation [Doc. 19],

the petitioner does not argue that Magistrate Judge Aloi's finding that the § 2241 petition does not fall within the scope of the savings clause was wrong. Instead, petitioner states there is a case currently pending before the Fourth Circuit, **United States v. Wheeler**, No. 16-6073, "that will directly affect this case" [Id. at 1]. Thus, petitioner requests this Court not adopt the R&R at this time and instead "hold its decision in abeyance until the Fourth Circuit issues the opinion in **Wheeler**" [Id. at 2].

This Court declines to stay this case pending the Fourth Circuit's opinion in **Wheeler**. It is not certain that any opinion in **Wheeler** would affect petitioner's claim here, as this Court will not speculate on how far the Fourth Circuit will go in changing its current precedent—if at all. However, it is possible a favorable decision in **Wheeler** could allow petitioner to assert the type of claim he brings here. If that is the case, petitioner is free to bring his petition again at that time (as this petition will be dismissed without prejudice), and this Court will then review the petition on its merits.[1] Until then, however, this Court must follow current Fourth Circuit precedent, and therefore must dismiss petitioner's petition for want of jurisdiction.

Thus, upon careful review of the above, it is the opinion of this Court that the Report and Recommendation **[Doc. 17]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the respondent's Motion to Dismiss, or in the Alternative for Summary Judgment **[Doc. 12]**, is hereby **GRANTED** and the petitioner's Petition for Habeas Corpus

---

[1] This Court notes that petitioner has a § 2255 petition pending in the United States District Court for the District of Maryland [Crim. Action No. 8:12-cr-199, Docs. 59–60], which makes the same argument petitioner presents here and which is the proper vehicle for the relief petitioner seeks.

3

Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **ORDERS** that this matter be **STRICKEN** from the active docket of this Court and **DIRECTS** the Clerk to enter judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: December 19, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE